**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-222-2000

**Robert S. Sola, OSB No. 844541**
Robert S. Sola, P.C.
1500 SW First Avenue, Suite 800
Portland, Oregon 97201
rssola@msn.com
Telephone 503-295-6880

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| LIZBETH HANSEN | Case No. 3:22-cv-00029 |
| Plaintiff | **COMPLAINT** |
| vs | 15 U.S.C. § 1681 et seq. Fair Credit Reporting Act |
| **TRANS UNION LLC,** and **EXPERIAN INFORMATION SOLUTIONS, INC.,** and **EQUIFAX INFORMATION SERVICES, INC.** | Demand for Jury Trial |
| Defendants | |

**COMPLAINT** – Page 1 of 13

## JURISDICTION AND THE PARTIES

**1.**

This Court has jurisdiction under 15 U.S.C. § 1681p.

**2.**

Plaintiff Lizbeth Hansen is an individual living in Multnomah County, Oregon and a "consumer" as defined by the Fair Credit Reporting Act (FCRA) at 15 U.S.C. § 1681a(c).

**3.**

Defendant Trans Union LLC (Trans Union) is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

**4.**

Defendant Experian Information Solutions, Inc. (Experian) is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

**5.**

Defendant Equifax Information Services, LLC (Equifax) is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

**6.**

In September of 2018, plaintiff filed a petition for a Chapter 7 bankruptcy. In January of 2019 plaintiff's credit card debt with Wells Fargo was completely discharged in her Chapter 7 bankruptcy case.

**7.**

At all times after January of 2019 plaintiff's credit card account with Wells Fargo should have appeared on her credit reports prepared by Trans Union, Experian, and Equifax as discharged in bankruptcy and with zero balance owing.

**8.**

Trans Union was aware that plaintiff had filed for bankruptcy and had obtained a discharge of her debts through bankruptcy. Trans Union's credit file on plaintiff listed the bankruptcy and accounts (other than Wells Fargo) that were included in the bankruptcy. Yet, after January 2019, Trans Union prepared and issued consumer credit reports concerning plaintiff that reported inaccurate information on the Wells Fargo account, including that plaintiff owed a balance of $2,829 to Wells Fargo, was past due in her payments, and not reporting that the Wells Fargo account was included in and discharged in her bankruptcy.

**9.**

After plaintiff learned of Trans Union's inaccurate reporting of the Wells Fargo account, plaintiff notified Trans Union that she disputed the accuracy of that information and informed Trans Union that the account was discharged in bankruptcy.

**10.**

Trans Union failed to conduct a reasonable reinvestigation, or follow the procedures required by FCRA, Section 1681i(a). Trans Union continued to issue consumer reports to third parties that inaccurately reported that plaintiff owed a balance, was past due in her payments, and did not report that the Wells Fargo account was included in and discharged in bankruptcy.

**11.**

The Trans Union consumer reports misrepresented plaintiff's credit obligations, made it look like she had more debt than she had, damaged her credit worthiness, and damaged her reputation, among other damages.

**12.**

Experian was aware that plaintiff had filed for bankruptcy and had obtained a discharge of her debts through bankruptcy. Experian's credit file on plaintiff listed the bankruptcy and accounts (other than Wells Fargo) that were included in the bankruptcy. Yet, after January

2019, Experian prepared and issued consumer credit reports concerning plaintiff that reported inaccurate information on the Wells Fargo account, including that plaintiff owed a balance of $2,829 to Wells Fargo, was past due in her payments, and not reporting that the Wells Fargo account was included in and discharged in her bankruptcy.

13.

After plaintiff learned of Experian's inaccurate reporting of the Wells Fargo account, plaintiff notified Experian that she disputed the accuracy of that information and informed Experian that the account was discharged in bankruptcy.

14.

Experian failed to conduct a reasonable reinvestigation, or follow the procedures required by FCRA, Section 1681i(a). Experian continued to issue consumer reports to third parties that inaccurately reported that plaintiff owed a balance of $2,829 to Wells Fargo on the account, and did not report that the Wells Fargo account was included in and discharged in his bankruptcy.

15.

The Experian consumer reports misrepresented plaintiff's credit obligations, made it look like she had more debt than she had,

damaged her credit worthiness, and damaged her reputation, among other damages.

16.

Equifax was aware that plaintiff had filed for bankruptcy and had obtained a discharge of her debts through bankruptcy. Equifax's credit file on plaintiff listed the bankruptcy and accounts (other than Wells Fargo) that were included in the bankruptcy. Yet, after January 2019, Equifax prepared and issued consumer credit reports concerning plaintiff that reported inaccurate information on the Wells Fargo account, including that plaintiff owed a balance of $2,829 to Wells Fargo, was past due in her payments, and not reporting that the Wells Fargo account was included in and discharged in her bankruptcy.

17.

After plaintiff learned of Equifax's inaccurate reporting of the Wells Fargo account, plaintiff notified Equifax that she disputed the accuracy of that information and informed Equifax that the account was discharged in bankruptcy.

18.

Equifax failed to conduct a reasonable reinvestigation, or follow the procedures required by FCRA, Section 1681i(a). Equifax continued to issue consumer reports to third parties that inaccurately reported that plaintiff owed a balance of $2,829 to Wells Fargo on the account,

**COMPLAINT** – Page 6 of 13

was past due on her payments, and did not report that the Wells Fargo account was included in and discharged in her bankruptcy.

19.

The Equifax consumer reports misrepresented plaintiff's credit obligations, made it look like she had more debt than she had, damaged her credit worthiness, and damaged her reputation, among other damages.

FIRST CLAIM FOR RELIEF

(Against Trans Union)

(Negligent Noncompliance with the FCRA)

20.

Plaintiff realleges and incorporates the previous paragraphs of this complaint.

21.

Trans Union negligently failed to comply with the requirements of the FCRA.

22.

As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including emotional distress, economic loss, damage to reputation and creditworthiness, invasion of privacy, wasted time, and interference with plaintiff's normal and usual

activities for which plaintiff seeks damages in an amount to be determined by the jury.

23.

Plaintiff requests attorney fees under 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF

## (Against Trans Union)

## (Willful Noncompliance with the FCRA)

24.

Plaintiff realleges and incorporates the previous paragraphs of this complaint.

25.

Trans Union willfully failed to comply with the requirements of the FCRA.

26.

As a result of Trans Union's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including emotional distress, economic loss, damage to reputation and creditworthiness, invasion of privacy, wasted time, and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**COMPLAINT** – Page 8 of 13

**27.**

Plaintiff requests attorney fees under 15 U.S.C. § 1681n(a).

## THIRD CLAIM FOR RELIEF

### (Against Experian)

### (Negligent Noncompliance with the FCRA)

**28.**

Plaintiff realleges and incorporates the previous paragraphs of this complaint.

**29.**

Experian negligently failed to comply with the requirements of the FCRA.

**30.**

As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including emotional distress, economic loss, damage to reputation and creditworthiness, invasion of privacy, wasted time, and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

**31.**

Plaintiff requests attorney fees under 15 U.S.C. § 1681o(a).

## FOURTH CLAIM FOR RELIEF

## (Against Experian)

## (Willful Noncompliance with the FCRA)

**32.**

Plaintiff realleges and incorporates the previous paragraphs of this complaint.

**33.**

Experian willfully failed to comply with the requirements of the FCRA.

**34.**

As a result of Experian's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including emotional distress, economic loss, damage to reputation and creditworthiness, invasion of privacy, wasted time, and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**35.**

Plaintiff requests attorney fees under 15 U.S.C. § 1681n(a).

## FIFTH CLAIM FOR RELIEF

### (Against Equifax)

### (Negligent Noncompliance with the FCRA)

**36.**

Plaintiff realleges and incorporates the previous paragraphs of this complaint.

**37.**

Equifax negligently failed to comply with the requirements of the FCRA.

**38.**

As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including emotional distress, economic loss, damage to reputation and creditworthiness, invasion of privacy, wasted time, and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

**39.**

Plaintiff requests attorney fees under 15 U.S.C. § 1681o(a).

## SIXTH CLAIM FOR RELIEF

### (Against Equifax)

### (Willful Noncompliance with the FCRA)

**40.**

Plaintiff realleges and incorporates the previous paragraphs of this complaint.

**41.**

Equifax willfully failed to comply with the requirements of the FCRA.

**42.**

As a result of Equifax's failure to comply with the requirements of the FCRA, plaintiff has suffered and continues to suffer, actual damages, including emotional distress, economic loss, damage to reputation and creditworthiness, invasion of privacy, wasted time, and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

**43.**

Plaintiff requests attorney fees under 15 U.S.C. § 1681n(a).

**44.**

Plaintiff requests a jury trial on all claims.

**PRAYER FOR RELIEF**

Plaintiff prays for an order that Trans Union, Equifax, and Experian each negligently and willfully violated the FCRA, and a money judgment against Trans Union, Equifax, and Experian for actual damages, punitive damages, attorney fees and costs.

January 6, 2022

          **RESPECTFULLY FILED,**

          s/ Michael Fuller
          **Michael Fuller, OSB No. 09357**
          OlsenDaines
          US Bancorp Tower
          111 SW 5th Ave., Suite 3150
          Portland, Oregon 97204
          michael@underdoglawyer.com
          Direct 503-222-2000

          **Robert S. Sola, OSB No. 844541**
          Robert S. Sola, P.C.
          1500 SW First Avenue, Suite 800
          Portland, Oregon 97201
          rssola@msn.com
          Telephone 503-295-6880

          Attorneys for Plaintiff